IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| WINFRED GENTRY MASSINGILL, Institutional ID No. 04584870, | § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-026-H-BQ |
| MARSHA McLANE, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

### I. Background

Proceeding pro se, Plaintiff Winfred Gentry Massingill filed this 42 U.S.C. § 1983 action on January 28, 2020, alleging Defendants violated his constitutional rights by, inter alia, housing him in solitary confinement. *See* ECF No. 1.

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. Upon reviewing Massingill's application to proceed *in forma pauperis* (IFP) (ECF No. 2), the Court determined that it was deficient and on January 30, 2020, ordered that he submit certain supporting financial documentation[1] within fourteen days of the order, i.e., by February 13, 2020. ECF No. 5, at 1. In doing so, the Court warned Massingill that "[f]ailure to comply with [the] order may result in dismissal of this action." *Id.*

---

[1] The order directed Massingill to provide the following: (1) a copy of the resident trust account statement for the one year preceding his IFP application; (2) for each commissary purchase, an itemized receipt of items purchased or a description of the items purchased; and (3) the completed Texas Civil Commitment Office "Cost Recovery Worksheet for Clients in a Contracted Facility" form, if applicable. ECF No. 5, at 1.

On February 20, 2020, Massingill filed a motion asking the Court to order service on the Defendants. ECF No. 6. In denying the motion, the Court acknowledged that Massingill may not have timely received the January 30 order. ECF No. 7. The Court therefore *sua sponte* extended Massingill's deadline, ordering him to submit the required documentation no later than March 6, 2020. *Id.*

As of the date of this recommendation, Massingill has neither paid the $400 filing fee nor complied with the Court's January 30, 2020, order requesting supporting documentation. Pursuant to Special Order No. 3-251, the undersigned makes the following findings and conclusions and recommends the action be dismissed without prejudice for failure to prosecute and follow court orders.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte*, including a civil rights claim filed under 42 U.S.C. § 1983, for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A plaintiff's failure to follow a court's orders concerning payment of the filing fee or an application for IFP status is grounds for dismissal of the complaint without prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (affirming dismissal of prisoner's complaint after he refused to follow district court's orders requiring submission of documents allowing the court to determine whether prisoner's IFP application had been filed in good faith).

The Court has provided Massingill ample opportunity to comply with its orders. Massingill has had more than one month to submit the required documentation and has failed to do so, nor has he paid the $400 filing fee. ECF Nos. 5, 7. On January 30, 2020, the Court admonished Massingill that this action would be dismissed if he did not submit documents in compliance with the order. ECF No. 5, at 2. In this posture, the Court cannot allow Massingill's claims to proceed without either payment of the filing fee or providing the necessary supporting documents for the IFP application. Accordingly, the Court should dismiss Massingill's Complaint (ECF No. 1) without prejudice for want of prosecution under Rule 41(b).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Massingill's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The undersigned further recommends that the United States District Court deny Massingill's pending motion for leave to proceed *in forma pauperis* as moot. ECF No. 2.

### IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: March 30, 2020

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE